IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


RENEE R. BARNES,

                              Plaintiff,                    Case No. 3:09 CV 909

            -vs-
                                                          MEMORANDUM   OPINION
SHERI DUFFEY, Warden,

                              Defendant.

KATZ, J.

        This action is before the Court on Petitioner's objections to the November 12, 2010,

Report and Recommendation ("R&R") of Magistrate Judge James R. Knepp II.  In accordance

with *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001), *Hill v. Duriron Co.*, 656 F.2d

1208 (6th Cir. 1981), and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo*

determination of the Magistrate's findings to which the Petitioner objects.  For the following

reasons, the Court finds Petitioner's objections to the R&R are not well taken and the same are

denied.  The Court now adopts the Magistrate's R&R in full and denies the Petition.

**I. Procedural and Factual Background**

***A. Procedural Background***

        Petitioner Renee Barnes has raised one ground for relief in a Petition for a Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  Petitioner is currently in state custody, serving

life in prison with eligibility for parole after twenty years on an aggravated murder conviction, as

well as seven years on aggravated robbery, aggravated burglary, and kidnaping convictions, to be

served consecutively to the murder sentence.  (Ex. 19); (Doc. 8-1 at 56).  Petitioner contends that

her Sixth Amendment right to counsel was violated when police interrogated her without counsel.

The state appellate court concluded that her Sixth Amendment rights were not violated.

Magistrate Judge Knepp filed a Report and Recommendation pursuant to Local Rule 72.2(b)(2), recommending the petition be denied.

***B. Factual Background***

The Court has reviewed and hereby adopts the Magistrate Judge's factual background as set forth in the R&R:

**Background**

Petitioner was convicted on June 6, 2006 in the Cuyahoga County, Ohio Court of Common Pleas on one count each of aggravated murder, aggravated robbery, aggravated burglary, and kidnapping. All convictions related to the March 17, 2005 murder of Ronald Howard, and theft of his property. Petitioner was convicted based on the testimony of her son, Andrew Barnes, and two statements she made to Shaker Heights police.  Petitioner's son was arrested for Howard's murder on March 19, 2005.  His fingerprints were found on the murder weapon – a bloodied saucepan – and on a "strongbox" in Howard's home, and valuables belonging to the deceased were found in Andrew Barnes' possession. See *State v. Barnes*, 2007 WL 2269551, ¶¶ 1-8 (Ohio App.). "On habeas review, the state court of appeals's findings of fact must be presumed correct, and can only be discredited if the petitioner can show, by clear and convincing evidence, that the state court's findings were erroneous. 28 U.S.C. § 2254(e)(1)." *Mitzel v. Tate*, 267 F.3d 524, 537 (6th Cir. 2001). The state appellate court summarized the facts:

{¶ 7} On March 20, 2005, Andrew confessed to killing Ronald Howard, but did not mention his mother's alleged involvement; however, on March 21, 2005, Andrew inculpated both his mother and himself in the killing. Police officers arrested appellant the following day. She gave a statement in which she claimed she had an interview on the day of the murder and that a used bus ticket would exonerate her. Retrieval of the bus ticket showed that it was time stamped for 3:09 p.m., after the time of the murder. Further, according to a second statement given by Andrew, he drove appellant to the interview, she did not take the bus.

2

{¶ 8} On March 24, 2005, appellant signed a written confession in which she admitted killing Ronald with a kitchen pan. According to appellant, "I hit him in the head and he fell. And I drug him up the steps through the kitchen to the living room and I let him lay there and I went through his house turning stuff up so it would appear like it was a robbery." This information was corroborated by the testimony of Detective John Saraya and Dr. Joseph Felo, who both testified that there was a circular indentation in Ronald's head that was consistent with the bloody saucepan found at the scene. In addition, the police officers searched appellant's home on March 25, 2005 and found Ronald's cell phone, which contained appellant's DNA.

* * * *

{¶ 17} Appellant contends that her confession is not admissible because she did not waive her constitutional rights to counsel and against self-incrimination. We disagree. It is clear that appellant lawfully waived her rights. She signed a typewritten statement, which contained sufficient warning regarding the waiver of constitutional rights. According to the testimony of Sgt. Marvin Lamielle, the police procedure includes giving the suspect an opportunity to read his or her statement to make sure it is accurate. The individual then signs it, indicating that he or she read it, and it is the truth. Sgt. Lamielle testified that this exact procedure was used with appellant. A review of the totality of the circumstances proves that appellant clearly waived her rights.

* * * *

{¶ 21} In her supplemental brief, appellant also argues that her motion to suppress should have been granted because "she was held without the proper filing of an arrest warrant, in violation of her Sixth Amendment right to counsel." We disagree.

{¶ 22} A warrant ("the first warrant") for appellant's arrest for aggravated burglary was issued on March 21, 2005, and she was arrested the following day, March 22, 2005. On March 22 and March 24, appellant made statements to Sgt. Lamielle. Appellant argues that, because the return of the first arrest warrant was *not* filed with the court, no court appearance was scheduled and no attorney was assigned to her. Therefore, she concludes, her statements to the police during the time frame of March 22 through March 24 should be suppressed as being in violation of her Sixth Amendment rights.  {¶ 23}

Under Ohio Crim. R. 4(D)(4), "the officer executing a warrant shall make return of the warrant to the issuing court before whom the defendant is brought * * *." A review of the record shows that the first warrant was not returned to the court; however, another warrant ("the second warrant") for aggravated murder was issued and executed on March 24, 2005. That warrant was properly returned to the court on that same day. There is no evidence to indicate that, even if the first warrant had been returned on March 22, appellant would have been arraigned and had counsel assigned on March 23. Further, as discussed above, appellant voluntarily waived her right to an attorney on both March 22 and March 24. Therefore, because the second arrest warrant was properly returned to the court and because appellant properly waived her right to have an attorney, we conclude that her

3

Sixth Amendment rights were not violated. Appellant's first, second, and fifth assignments of error are overruled.

*Barnes*, 2007 WL 2269551 (emphasis in original).

Andrew's subsequent testimony at Petitioner's trial, pursuant to a plea agreement, was not strong evidence against his mother. He clearly had his own interest at stake, both to diminish the perception of his responsibility in the eyes of prosecuting authorities and to obtain a reduced sentence as part of the plea agreement. But, his credibility was bolstered by: 1) Petitioner's lie to Shaker Heights police when she was interrogated on March 22, 2005; and 2) Petitioner's March 24, 2005 confession to killing Howard.

**Ground Raised for Habeas Corpus Review**

Petitioner has exhausted state remedies with respect to the sole ground she now raises for federal habeas corpus review. See *Barnes*, 2007 WL 2269551, *appeal not allowed*, 116 Ohio St. 3d 1477 (2008) (table).

**Ground One**: "Renee Barnes's Sixth Amendment right to counsel was violated when she was subjected to uncounseled interrogations by police, after having been formally charged with one of the crimes of conviction."

**Supporting Facts**: "On March 21, 2005, the State charged Renee Barnes with aggravated burglary. On March 22, 2005, she was arrested on that charge. On March 23 and 24, 2005, she was interrogated by Shaker Heights police in connection with that charge. At no time during these interrogations was she afforded counsel. This practice violates the holdings of the United States Supreme Court in *Massiah v. United States*, *Kirby v. Illinois*, and *Brewer v. Williams*. The incriminating statements obtained during the interrogatories had a substantial and injurious effect at trial, thus habeas corpus relief must be granted."

(Doc. 1 at 5).

(R&R at 1-4) (footnote omitted).

**II. Jurisdiction**

4

A court must have proper jurisdiction to consider a petition for a writ of habeas corpus.  A federal court has proper jurisdiction when a person is in custody pursuant to the judgment of a state court, and claims to be in custody in violation of the Constitution, laws or treaties of the United States.  *Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002) (citing 28 U.S.C. § 2254).

Petitioner satisfies the requirements for habeas jurisdiction.  Petitioner was convicted in the Cuyahoga County, Ohio Court of Common Pleas on one count each of aggravated murder, aggravated robbery, aggravated burglary and kidnaping.  She is currently a prisoner in state custody, and therefore, is "in custody" for the purposes of habeas jurisdiction.

Petitioner's claim alleges violation of a constitutional right to the extent that she claims to have been deprived of her Sixth Amendment right to counsel under the United States Constitution. This Court therefore has jurisdiction over Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**III. Standard of Review**

The standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2254(d), govern a federal district court's review of a state court decision on a writ of habeas corpus.  *French v. Jones*, 332 F.3d 430, 435-436 (6th Cir. 2003).  The statute establishes two circumstances in which a federal court may issue a writ.  First, a federal court may issue a writ if the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).  Second, a federal court may issue a writ if the state court's decision was based on an unreasonable determination of the facts in light of the evidence.  § 2254(d)(2).

5

A state court's decision is "contrary to" the clearly established federal law when either the decision contradicts the Supreme Court's holdings or it "'confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from this precedent.'" *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam)).  A state court's decision unreasonably applies Supreme Court holdings "if the state court identifies the correct governing legal principle from the Supreme Court but unreasonably applies that principle to the facts of petitioner's case." *Id*. (quoting *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (internal quotation marks omitted)).  "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1).  The petitioner, however, may rebut "the presumption of correctness by clear and convincing evidence." *Id*.

## IV. Discussion

Petitioner raises three objections to the Magistrate Judge's R&R.  First, the Petitioner objects to the authority the R&R relied on, contending it is distinguishable on the facts.  (Doc. 16 at 3).  Second, Petitioner contests the use of portions of the state appellate court opinion.  (Doc. 16 at 4); (R&R at 17).  Specifically, the Petitioner contends that where there was physical evidence of assault corroborating her allegations of abuse, the state appellate court could not have reasonably concluded Petitioner had voluntarily waived her Sixth Amendment right to counsel.  *Id*.  Finally, Petitioner contends that even if she had not been restrained at the time of the waiver, fear of future physical assault could have compromised the voluntariness of her action.  (Doc. 16 at 4).  Thus, Petitioner objects to the R&R's "requirement" to show she was restrained when she waived her

6

right to counsel.  *Id*.  For the following reasons, the Court overrules Petitioner's objections, and hereby adopts the Magistrate Judge's Report and Recommendation in its entirety.[1]

**A. The R&R conducted a thorough and accurate analysis of Supreme Court precedent.**

In her first objection, Petitioner argues the R&R relied on authority that should be factually distinguished from the case at bar.  (Doc. 16 at 3).  Petitioner alleges that neither *Rothgery v. Gillespie County*, 554 U.S. 191 (2008), *Brewer v. Williams*, 430 U.S. 387 (1977), nor *Michigan v. Jackson*, 475 U.S. 625 (1986) involved a scenario in which "a defendant . . . has gone uncounseled through a 'critical stage' of the proceedings, while incarcerated subsequent to an arrest made pursuant to a formal charge filed with the court."  *Id*.  Instead, Petitioner argues, the Court should rely on *Kirby v. Illinois*, 406 U.S. 682 (1972) and *United States v. Gouveia*, 467 U.S. 180 (1984), although she does not explain why these cases would be better applied to the case at bar.  (Doc. 16 at 3).

Petitioner's objection is not well taken.  First, the R&R did consider both *Kirby* and *Gouveia* to reach its conclusion.  (R&R at 8, 9, 11).  However, the R&R found there was not any Supreme Court precedent which was "materially indistinguishable" from the case at bar.  *Id*.; *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam).  Second, analysis of *Kirby* and *Gouveia* supports the R&R's conclusion that the state court did not act contrary to clearly

---

[1] Petitioner does not appear to have satisfied the statute of limitations.  The record indicates that judgement became final on January 23, 2008, when the Supreme Court of Ohio denied the Petitioner's appeal because the appeal did not involve a substantial constitutional question.  (Doc. 8 at 7); (Doc. 1 at 2, 6) (Petitioner did not file for post conviction relief with the state court).  Petitioner then filed this writ for habeas corpus on April 21, 2009.  (Doc. 1).  Thus, the Petitioner failed to satisfy the one year statute of limitations requirement under 28 U.S.C. § 2244.  Respondent did not raise the issue, and Petitioner has not argued for equitable tolling.  Pursuant to *Day v. McDonough*, the Court elects not to consider the timeliness of the Petition at this time, but notes the issue for the purpose of appellate review.  547 U.S. 198, 209 (U.S. 2006) ("district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.").

established law when it concluded that the Sixth Amendment right to counsel had not attached. (R&R at 12).

In *Kirby*, police officers took the defendant to the police station after they found a stolen wallet, among other stolen items, in his possession. *Kirby*, 406 U.S. at 683-85. After arriving at the station, the officers realized that the property belonged to a recent robbery victim. *Id*. The officers brought that victim into the station, where he positively identified the defendant. *Id*. This identification occurred before defendant was indicted and before he was advised of his right to counsel. *Id*. At trial, this identification evidence was used, and the defendant alleged his Sixth Amendment right to counsel had been violated as he was identified before being charged. *Id*. at 683. The United States Supreme Court held that the identification had taken place before the commencement of adversary judicial proceedings, and thus the Sixth Amendment right to counsel had not yet attached. *Id*. at 689-91.

In *Gouveia*, the defendants were suspected of killing a fellow inmate while they were imprisoned for an unrelated crime. *Gouveia*, 467 U.S. at 187-189. As a result of this suspicion, the defendants were placed in administrative detention and held there, without counsel, while the prosecution conducted a criminal investigation. *Id*. The defendants argued that the uncounseled detention violated their Sixth Amendment right to counsel. *Id*. On appeal, the United States Supreme Court affirmed *Kirby*, and concluded that the defendants' Sixth Amendment rights had not yet attached because adversary judicial proceedings against the defendants had not begun. *Id*.

Unlike *Kirby* and *Gouveia*, Petitioner's alleged constitutional violation occurred after she had been arrested and during a police interrogation. However, similar to *Kirby* and *Gouveia*, the alleged violation occurred before she was arraigned. Neither *Kirby* nor *Gouveia* establish a clear

8

rule as to whether the Sixth Amendment right to counsel attaches during a pre-arraignment but post-arrest interrogation.  Thus, it was reasonable for the state court to conclude that the Sixth Amendment right to counsel had not yet attached, because Petitioner had not been arraigned.  *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

The R&R considered Supreme Court precedent before concluding there was no bright- line rule against pre-arraignment uncounseled interrogation at the time of Petitioner's hearing.  The Magistrate Judge concluded:

> [T]he state appellate court's reference to police interrogation preceding appointment of counsel at arraignment was consistent with the standard set out in *Powell*, *Kirby*, and *Jackson* and their reference to "arraignment.". . . The state court decision that the interrogation preceded the critical stage of 'formal complaint' and therefore did not violate Petitioner's Sixth Amendment rights was neither contrary to clearly established federal law as set forth by Supreme Court precedent nor an unreasonable application of such law.

(R&R at 15-16).

In sum, the R&R properly found the state court's conclusion that Petitioner's uncounseled interrogation occurred before the critical period of adjudication was not unreasonable or contrary to clearly established federal law.  Upon review, the Court agrees with the R&R's thorough Sixth Amendment analysis, and hereby overrules Petitioner's first objection.

**B. Petitioner's challenge to the state court's factual determination does not overcome the presumption of correctness.**

Even where the Sixth Amendment right to counsel has attached, that right can be waived. *Miranda v. Arizona*, 384 U.S. 436 (1969).  Petitioner does not contest this fact, nor does she contest that the validity of the waiver is assessed under the voluntariness standard of *Miranda* and the Fifth Amendment to the United States Constitution.  *Miranda*, 384 U.S. at 475; R&R at 16.  Instead, Petitioner's objections challenge the reasonableness of the state court's decision

9

concerning physical evidence.  (Doc. 16 at 4).  Specifically, Petitioner argues that evidence of a scrape under her jaw and behind her left ear corroborate her allegations of abuse.  The state court and the R&R found that if Petitioner's Sixth Amendment right to counsel had attached, Petitioner had voluntarily, knowingly, and intelligently waived that right.  *See* (R&R at 16-18).  The Court affirms that conclusion.

Petitioner's contention regarding the voluntariness of the waiver thus raises an issue of fact.  Where there is a question of fact, this Court must defer to the state court's determination.  Under 28 U.S.C. § 2254 (d) & (e)(1), there is a presumption of correctness with respect to a state court's factual determination, and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  *See Mitzel v. Tate*, 267 F.3d 524, 537 (6th Cir. 2001); s*ee also Miller v. Fenton*, 474 U.S. 104, 112 (1985) ("To be sure, subsidiary factual questions, such as . . . whether in fact the police engaged in the intimidation tactics alleged by the defendant, *LaVallee v. Delle Rose*, 410 U.S. 690, 693-695 (1973) (per curiam), are entitled to the § 2254(d) presumption.").  Furthermore, the presumption of correctness given to the state court precludes this Court from engaging in a "preponderance of the evidence" review.  *Summer v. Mata*, 449 U.S. 539 (1981).

Here, Petitioner does not allege the state court engaged in inadequate fact finding, or even that the facts on record are inaccurate, but instead argues the state court could not have reasonably concluded Petitioner was not abused in light of the physical evidence of scratches on her face and ear.  (Doc. 16 at 4).  On appeal, the state court considered the totality of the circumstances, including this physical evidence, and found Petitioner had voluntarily waived her right to counsel. *State v. Barnes*, 2007 Ohio 4019, P22-P23 (Ohio Ct. App., Cuyahoga County Aug. 9, 2007).

10

Petitioner has not put forth any evidence from which the Court could find the state court's factual determination unreasonable.

In sum, Petitioner's factual challenges do not overcome the presumption of correctness set forth by 28 U.S.C. § 2254(e) with clear and convincing evidence.

**V. Conclusion**

For the above stated reasons, the Report and Recommendation of the Magistrate Judge is hereby adopted in its entirety.  The petition for writ of habeas corpus is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

        s/ *David A. Katz*
        DAVID A. KATZ
        U. S. DISTRICT JUDGE